IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| Hakeem Willis, | ) | C/A No. 0:19-1485-HMH-PJG |
|---|---|---|
| Petitioner, | ) | |
| v. | ) | **REPORT AND RECOMMENDATION** |
| United States of America; Warden Bryan Antonnelli, | ) | |
| Respondents. | ) | |

The petitioner, Hakeem Willis, a self-represented prisoner confined at Federal Correctional Institution Williamsburg, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2)(c) (D.S.C.). Having reviewed the Petition in accordance with applicable law, the court concludes that it should be summarily dismissed.

**I.    Factual and Procedural Background**

Petitioner, a federal prisoner housed in the Federal Correctional Institution in Williamsburg, South Carolina, indicates he was convicted of Hobbs Act robbery, conspiracy to commit Hobbs Act robbery, and carrying a firearm during the commission of a crime of violence in the United States District Court for the Eastern District of Pennsylvania. (Pet., ECF No. 1 at 2, ECF No. 1-1 at 1-2.) In 2012, he was sentenced to an aggregate term of 272 months' imprisonment. (Id.) Petitioner indicates that his direct appeal was dismissed and his motion to motion to vacate, set aside, or correct the sentence pursuant to 28 U.S.C. § 2255 was denied. (Id. at 2-3.)

Petitioner now files this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. Petitioner argues that his conviction under 18 U.S.C. § 924(c) (carrying a firearm during the commission of a crime of violence) is unlawful in light of United States v. Simms, 914 F.3d 229 (4th Cir. 2019).[1] Specifically, he argues that § 924(c) is unconstitutionally void for vagueness and Hobbs Act robbery does not qualify as a crime of violence under § 924(c)'s force clause or residual clause.

## II. Discussion

### A. Standard of Review

Under established local procedure in this judicial district, a careful review has been made of the *pro se* petition filed in this case pursuant to the Rules Governing § 2254 Cases,[2] 28 U.S.C. § 2254; the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214; and in light of the following precedents: Denton v. Hernandez, 504 U.S. 25 (1992); Neitzke v. Williams, 490 U.S. 319, 324-25 (1989); Haines v. Kerner, 404 U.S. 519 (1972); Nasim v. Warden, Md. House of Corr., 64 F.3d 951 (4th Cir. 1995) (en banc); Todd v. Baskerville, 712 F.2d 70 (4th Cir. 1983).

This court is required to liberally construe *pro se* pleadings, which are held to a less stringent standard than those drafted by attorneys. Erickson v. Pardus, 551 U.S. 89, 94 (2007); King v. Rubenstein, 825 F.3d 206, 214 (4th Cir. 2016). Nonetheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth

---

[1] After Petitioner filed this petition and in accord with Simms, the United States Supreme Court held the residual clause of § 924(c) to be unconstitutionally vague. United States v. Davis, No. 18-431, __ S. Ct. __, 2019 WL 2570623 (June 24, 2019).

[2] The Rules Governing Section 2254 are applicable to habeas actions brought under § 2241. See Rule 1(b).



a claim cognizable in a federal district court.  See Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990); see also Ashcroft v. Iqbal, 556 U.S. 662, 684 (2009) (outlining pleading requirements under Rule 8 of the Federal Rules of Civil Procedure for "all civil actions").

**B.     Analysis**

A petitioner cannot challenge his federal conviction and sentence through § 2241 unless he can show under the "savings clause" of § 2255(e) that a § 2255 motion is "inadequate or ineffective to test the legality of his detention."  See 28 U.S.C. § 2255(e); see also Rice v. Rivera, 617 F.3d 802, 807 (4th Cir. 2010) (providing that if a federal prisoner brings a § 2241 petition that does not fall within the scope of the savings clause, the district court must dismiss the unauthorized habeas petition for lack of jurisdiction).  The United States Court of Appeals for the Fourth Circuit has held that a petitioner must establish the following criteria to demonstrate that a § 2255 motion is inadequate or ineffective to test the legality of a prisoner's conviction:

> (1) at the time of conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law.

United States v. Wheeler, 886 F.3d 415, 427 (4th Cir. 2018) (restating the test adopted in In re Jones, 226 F.3d 328 (4th Cir. 2000)).

As noted above, the United States Supreme Court recently found that the residual clause § 924(c)(3)(B) is unconstitutional.  United States v. Davis, No. 18-431, __ S. Ct. __, 2019 WL 2570623 (June 24, 2019).  But even assuming Petitioner meets the first two elements of the In re Jones test, Petitioner cannot meet the third element because the decision in Davis is a new rule of

constitutional law. Therefore, Petitioner is foreclosed from bringing a § 2241 habeas petition in this court to challenge his sentence. Petitioner's remedy, if any, appears to be to seek permission to file a § 2255 motion in the court in which he was sentenced by filing a motion for leave to file a successive § 2255 motion in the United States Court of Appeals for the Third Circuit.[3] See 28 U.S.C. § 2255(h). Therefore, this case should be dismissed because this court lacks jurisdiction over the Petition. See Wheeler, 886 F.3d at 426 (holding that the failure to meet the requirements of the savings clause is a jurisdictional defect that may not be waived).

### III. Conclusion

Accordingly, the court recommends that the Petition in the above-captioned case be dismissed without prejudice and without requiring the respondent to file a return.

July 3, 2019
Columbia, South Carolina

Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

*The parties' attention is directed to the important notice on the next page.*

---

[3] In this case, Petitioner argues 18 U.S.C. § 924(c) is unconstitutional in light of United States v. Simms, 914 F.3d 229 (4th Cir. 2019). Indeed, in Simms, the Fourth Circuit held that "crime of violence" as defined in § 924(c)(3)(B) ("the residual clause") is unconstitutionally vague. Id. at 233-37. But, Petitioner was convicted in the Eastern District of Pennsylvania, which is in the Third Circuit, and the court must evaluate Petitioner's claim under In re Jones in light of the precedent applicable to Petitioner's court of conviction—that is, law arising from the United States Supreme Court or the United States Court of Appeals for the Third Circuit. See Moss v. Atkinson, 767 F. App'x 466, 468 (4th Cir. 2019); Eames v. Jones, 793 F. Supp. 2d 747, 750 (E.D.N.C. 2011) (finding the substantive law of the circuit of conviction should apply to § 2241 proceedings held in a different circuit).

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).