IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

Hakeem Willis, )
                                   )    C.A. No. 0:19-1485-HMH-PJG
            Petitioner, )
                                   )    **OPINION & ORDER**
        vs. )
                                   )
United States of America, )
Warden Bryan Antonnelli, )
                                   )
           Respondents. )

       This matter is before the court with the Report and Recommendation of United States Magistrate Judge Paige J. Gossett, made in accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 of the District of South Carolina.[1] Hakeem Willis ("Willis"), a federal prisoner proceeding pro se, filed a petition seeking habeas corpus relief pursuant to 28 U.S.C. § 2241. In her Report and Recommendation filed on July 3, 2019, Magistrate Judge Gossett recommends dismissing the petition without prejudice and without requiring the Respondent to file an answer or return. (R&R 4, ECF No. 11.)

       Willis filed objections to the Report and Recommendation on July 10, 2019.[2] (Objs., ECF No. 13.) Objections to the Report and Recommendation must be specific. Failure to file specific objections constitutes a waiver of a party's right to further judicial review, including

---

[1] The recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. See Mathews v. Weber, 423 U.S. 261, 270 (1976). The court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

[2] Houston v. Lack, 487 U.S. 266 (1988).

1

appellate review, if the recommendation is accepted by the district judge. See United States v. Schronce, 727 F.2d 91, 94 & n.4 (4th Cir. 1984). In the absence of specific objections to the Report and Recommendation of the magistrate judge, this court is not required to give any explanation for adopting the recommendation. See Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983).

Upon review, the court finds that many of Willis' objections are nonspecific, unrelated to the dispositive portions of the magistrate judge's Report and Recommendation, or merely restate his claims. However, the court was able to glean one specific objection. Willis objects that the magistrate judge incorrectly applied the savings clause test set forth in In re Jones, 226 F.3d 328 (4th Cir. 2000). (Objs. 1-2, ECF No. 13.) Specifically, Willis argues that "Jones may be read to encompass 'certain serious sentencing errors[.]'" (Id. 1, ECF No. 13.)

A federal prisoner may challenge the legality of his conviction or sentence under § 2241 if the prisoner can demonstrate that § 2255 is inadequate or ineffective to test the legality of the conviction or sentence. See In re Jones, 226 F.3d at 333 (citing 28 U.S.C. § 2255). To demonstrate that § 2255 is inadequate or ineffective to test the legality of a conviction, the petitioner must establish that

> (1) at the time of conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law.

Id. at 333-34. If the petitioner cannot satisfy each prong of the savings clause test, the court lacks subject matter jurisdiction to consider the petition. United States v. Wheeler, 886 F.3d 415, 423 (4th Cir. 2018).

In his objections, Willis objects to the magistrate judge's application of Jones based on the United States Court of Appeals for the Fourth Circuit's discussion of Jones in Wheeler. (Objs. 1, ECF No. 13 (quoting Wheeler, 886 F.3d at 427).) In Wheeler, the Fourth Circuit set forth an alternative savings clause test to be applied to § 2241 petitions that challenge an erroneous sentence. Wheeler, 886 F.3d at 429. However, Wheeler did not alter or replace the Jones savings clause test for § 2241 challenges to convictions. Further, Willis is not challenging an alleged error in his sentence. Instead, Willis is challenging the legality of his 18 U.S.C. § 924(c) conviction. (§ 2241 Pet. Attach. 1 (Mem. Supp. § 2241 Pet. 5), ECF No. 1-1.) Thus, Willis must be able to satisfy the savings clause test set forth in Jones in order to proceed under § 2255. Accordingly, Willis' objection is without merit, and this court lacks subject matter jurisdiction to consider his petition.[3]

Moreover, Willis does not object to the magistrate judge's conclusions (1) that Willis cannot satisfy the third prong of the Jones test because the United States Supreme Court's recent decision in United States v. Davis, 139 S. Ct. 2319 (2019), is a new rule of constitutional law, or (2) that the Fourth Circuit's decision in United States v. Simms, 914 F.3d 229 (4th Cir. 2019),

---

[3] As noted by the magistrate judge, "Petitioner's remedy, if any, appears to be to seek permission to file a § 2255 motion in the court in which he was sentenced by filing a motion for leave to file a successive § 2255 motion in the United States Court of Appeals for the Third Circuit." (R&R 4, ECF No. 11.)

3

does not impact Willis' conviction because he was convicted outside of the Fourth Circuit in the United States District Court for the Eastern District of Pennsylvania. (R&R 3-4, ECF No. 11.)

Therefore, after a thorough review of the magistrate judge's Report and Recommendation and the record in this case, the court adopts Magistrate Judge Gossett's Report and Recommendation and incorporates it herein.

It is therefore

**ORDERED** that Willis' § 2241 petition, docket number 1, is dismissed without prejudice and without requiring the Respondent to file an answer or return.

**IT IS SO ORDERED**.

                                                                  s/Henry M. Herlong, Jr.
                                                                  Senior United States District Judge

Greenville, South Carolina
July 22, 2019

### NOTICE OF RIGHT TO APPEAL

The Petitioner is hereby notified that he has the right to appeal this order within sixty (60) days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.